UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERTA WEINGARTEN,           :
                              :
            Plaintiff,        :
                              :
v.                            :    Civil No. 3:12cv1079(AWT)
                              :
COLONY BRANDS, INC., d/b/a    :
THE SWISS COLONY LLC,         :
                              :
            Defendant.        :
                              :
------------------------------x

## RULING ON MOTION TO COMPEL ARBITRATION

For the reasons set forth below, the defendants' motion to compel individual arbitration is being granted in part. The court is compelling arbitration of the claims asserted in the complaint, but the case is being stayed pending arbitration, not dismissed.

## I. FACTUAL BACKGROUND

The complaint filed by plaintiff Roberta Weingarten ("Weingarten") asserts claims on behalf of herself and a putative class of individuals against defendant Colony Brands, Inc. d/b/a The Swiss Colony LLC ("Swiss Colony") based on alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA"). Specifically, the plaintiff alleges that Swiss Colony "repeatedly contacted Plaintiff on Plaintiff's cellular telephone" and used "an artificial or

- 1 -

prerecorded voice" without "prior express consent to place automated or prerecorded calls to Plaintiff on her cellular telephone." Compl. ¶¶ 14-15, 18.

Prior to completing an online purchase from Swiss Colony on or about November 26, 2011, Weingarten agreed to certain terms and conditions (the "Terms and Conditions"). Regarding arbitration, the Terms and Conditions provide, in relevant part:

> **ARBITRATION.** By requesting an Account, you and we agree that all disputes, claims, or controversies arising from or relating to your request for an Account, your Account, these rules, or any purchase on your Account, or the relationship arising from the foregoing, including the validity of this arbitration clause, shall be resolved by binding arbitration conducted between you, individually, and us. The arbitrator will have no power to conduct a class or representative arbitration (and this entire arbitration provision shall be void if this limitation is not enforced). At your written request, we will pay reasonable filing, hearing, or administrative costs charged to you by the arbitration firm or arbitrator. This arbitration provision is made in connection with a transaction in interstate commerce, and all arbitration under this provision shall be conducted under the auspices of a single arbitrator selected in accordance with the procedures of the American Arbitration Association and shall be conducted pursuant to the rules of such organization and shall be governed by the Federal Arbitration Act. You agree and understand that you have a right or opportunity to litigate disputes through a court, but that you, individually and us have chosen to resolve disputes through arbitration. The Swiss Colony AND YOU VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL IN CONNECTION WITH ANY AND ALL DISPUTES, CLAIMS, OR CONTROVERSIES COVERED BY THIS ARBITRATION PROVISION. You agree and understand that all disputes arising under case law, statutory law (federal, state, or local), and all other laws, including, but not limited to, all contract, tort, and

property disputes, will be subject to binding
arbitration in accord with this provision...

Mot. to Compel Arbitration, Ex. B at 4. The defendant has moved for an order compelling the plaintiff to proceed with individual arbitration of the dispute and to dismiss the action rather than stay the proceedings.

## II. DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., ("FAA") provides that "[a] written provision in any...contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction...shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This text reflects the overarching principle that arbitration is a matter of contract." American Express Co. v. Italian Colors Restaurant, No. 12-133, 570 U.S. ___, slip op. at 3 (2013) (citing Rent-A-Center, West, Inc. v. Jackson, No. 09-497, 561 U.S. ___, slip op. at 3 (2010)). "Arbitration agreements affecting interstate commerce are subject to the FAA." Morales v. Rent-A-Center, Inc., 306 F. Supp. 2d 175, 179 (D. Conn. 2003) (citations omitted).

The FAA "ensure[s] that 'private agreements to arbitrate are enforced according to their terms.'" Stolt-Nielsen S.A. v.

AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1773 (2010) (quoting Volt Info. Sci., Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989)). "The Second Circuit instructs us that '[a]ny analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements." Morales, 306 F. Supp. 2d at 179 (citing Doctor's Assocs., Inc. v. Hamilton, 150 F.3d 157, 162-63 (2d Cir. 1998)). "Under Section Four, the FAA instructs federal courts to compel arbitration if 'there has been a 'failure, neglect, or refusal' of any party to honor an agreement to arbitrate." Id. at 180 (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 511 (1974)). The Supreme Court has declared that "by its terms, the Act leaves no place for exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). "[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement nor....its enforceability or applicability to the dispute is in issue." Dedon GmbH v. Janus et Cie, 411 F. App'x 361, 363 (2d Cir. 2011) (citations omitted).

> In order to determine whether all or part of the instant action should be sent to arbitration, the Court must conduct the following inquiries: "[F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration."

JLM Industries, Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d. Cir. 2004) (quoting Oldroyd v. Elmire Sav. Bank, FSB, 134 F.3d 72, 75-76 (2d Cir. 1998)). "The standard this [c]ourt must apply when reviewing a motion to compel arbitration is essentially the same standard that the Court applies when it reviews a motion for summary judgment." D'Antuono v. Serv. Rd. Corp., 789 F. Supp. 2d 308, 319 (2d Cir. 2011). The party seeking an order compelling arbitration must "substantiate [its] entitlement [to arbitration] by a showing of evidentiary facts" that support its claim that the other party agreed to arbitration. Oppenheimer & Co., Inc. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995). If the party seeking to compel arbitration makes such an evidentiary showing, the party opposing arbitration "may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried" as to the making of the arbitration agreement. Id. "If

there is an issue of fact as to the making of the agreement for arbitration, then a trial [on that issue] is necessary." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); see 9 U.S.C. § 4. "Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement." D'Antuono, 789 F. Supp. 2d at 320 (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980)).

In the instant matter, the parties do not dispute that the Terms and Conditions contain a valid agreement to arbitrate and that Congress did not intend TCPA claims to be non-arbitrable. In dispute is whether the plaintiff's claims fall within the scope of the arbitration agreement and whether this action should be stayed if the court compels arbitration.

**A. Scope of Arbitration Agreement**

The defendant contends that the plaintiff waived any right to bring a class action and her individual claims fall within the scope of the arbitration agreement. The plaintiff contends that there is no class action waiver in the Terms and Conditions, and that she did not agree to arbitrate class claims by agreeing to the Terms and Conditions because the arbitration clause specifically excludes class claims from the scope of claims that are arbitrable.

"Federal policy favors arbitration of disputes, and therefore courts read arbitration clauses broadly, with 'any doubts concerning the scope of arbitrable issues [being] resolved in favor of arbitration.'" Morales, 306 F. Supp. 2d at 182. Broad arbitration clauses create "a presumption of arbitrability which is only overcome if 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers that asserted dispute. Doubts should be resolved in favor of coverage.'" Id. (citations omitted). "And if there is doubt about the matter-about the scope of arbitrable issues-we should resolve that doubt in favor of arbitration." Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 616 (1985) (quotation marks omitted)).

On the other hand, "[i]n certain limited circumstances, courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter (in the absence of 'clea[r] and unmistakabl[e]' evidence to the contrary). Id. (quoting AT & T Technologies, Inc. v. Commc'n Workers, 475 U.S. 643, 649 (1986)). These limited instances typically involve matters of a kind that "contracting parties would likely have expected a court" to decide. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). They include

certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy. See Howsam, 537 U.S. at 85 (whether court or arbitrator should apply time limit rule for underlying controversy); AT & T, 475 U.S. at 651-52 (whether a labor-management layoff controversy falls within the scope of an arbitration clause); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546-47 (1964) (whether an arbitration agreement survives a corporate merger).

The question here, i.e., whether the plaintiff waived any right to bring a class action, and if not, whether the parties agreed to arbitrate class actions, does not involve matters of a kind that parties to an arbitration agreement would likely have expected a court to decide. It concerns neither the validity of the arbitration clause, which the plaintiff concedes is valid, nor whether Congress intended the statutory claim being asserted, i.e., alleged TCPA violations, to be non-arbitrable.

As to the disputed issue, the court concludes that the plaintiff agreed that any claims would be arbitrated between her individually and Swiss Colony, so she waived her right to bring a class action claim. The court finds that the language in the Terms and Conditions, which provides that "all disputes, claims, or controversies...shall be resolved by binding arbitration

between you, individually and us," is clear and unambiguous. The clear import of this language is that disputes will be arbitrated, and in addition, the plaintiff will participate in the arbitration individually, that is, singly and not on a collective basis with others. See Oxford English Dictionary Online, http://www.oed.com (2013) ("Individually...4. In an individual or distinctive manner; as single persons or things, singly; each by each, one by one: opposed to *collectively*.")

The plaintiff argues that the language in the Terms and Conditions, which provides that "[t]he arbitrator will have no power to conduct a class or representative arbitration (and this entire arbitration provision shall be void if this limitation is not enforced...)," reflects that the arbitration agreement is not merely ambiguous with respect to arbitration of class claims, but, rather, specifically excludes class claims from coverage by the arbitration agreement. However, this language, read in context, simply means that while the plaintiff has waived any right to bring a class action by agreeing that any claims must be arbitrated and brought by her individually, if for some reason the class action waiver is not enforced, the arbitration agreement is void. See Homa v. American Express Co., No. 11-3600, 2012 WL 3594231 at *5 (3d Cir. Aug. 22, 2012) (affirming dismissal of case and compelling individual arbitration, where agreement mandated individual arbitration and

foreclosed class arbitration); Cruz v. Cingular Wireless, LLC, 648 F.3d 1205, 1207 (11th Cir. 2011) (noting that "[a] so-called blow-up clause provides that if the class action waiver 'is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.'").

Therefore, Weingarten must arbitrate her dispute with Swiss Colony.[1]

**B. Stay of Proceedings**

The defendant contends that the case should be dismissed, rather than stayed, because all issues in dispute are subject to arbitration. However, the plaintiff requests that this case be stayed. Under the Federal Arbitration Act,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the

---

[1] The court notes that this is not a case where the plaintiff could attack the class action waiver on the grounds that it would preclude her "from effectively vindicating her federal statutory rights in the arbitral form." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 90 (2000). First, the arbitration agreement provides that upon request Swiss Colony will pay reasonable filing, hearing or administrative costs charged to the plaintiff by the arbitration firm or arbitrator, and second, the analysis in the Supreme Court's recent decision in American Express Co. v. Italian Colors Restaurant, Doc. No. 12-133, slip op. at 7, forecloses such an argument here ("The class-action waiver merely limits arbitration to the two contracting parties. It no more eliminates those parties' right to pursue their statutory remedy than did federal law before its adoption of the class action for legal relief in 1983...").

> parties stay the trial of the action until such
> arbitration has been had in accordance with the terms
> of the agreement, providing the applicant for the stay
> is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The district court can exercise its discretion to stay the proceeding or can conclude that the litigation should be dismissed. See Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 92-93 (2d Cir. 2002). A decision to dismiss has implications for the speed with which the arbitration of the dispute may begin because "a dismissal renders an order appealable under § 16(a)(3) [of the FAA], while the granting of a stay is an unappealable interlocutory order under § 16(b)." Id. at 93. Staying the action is, therefore, more likely to allow the matter to proceed to arbitration in an expeditious manner. See id. The Second Circuit advises courts deciding whether to dismiss or stay litigation when referring a matter to arbitration to "be mindful of this liberal federal policy favoring arbitration agreements" and consider that "[u]nnecessary delay of the arbitral process through appellate review is disfavored." Id. (citation and quotation marks omitted). Therefore, the court is staying this action until arbitration has been had in accordance with the Terms and Conditions because doing so is consistent with promoting expeditious resolution of the dispute between the parties.

## III. CONCLUSION

Defendant's Motion to Compel Arbitration (Doc. No. 11) is hereby GRANTED in part. The plaintiff is ordered to proceed with arbitration of her individual claims, but the case is STAYED, as opposed to dismissed.

It is so ordered.

Signed this 21st day of August, 2013 at Hartford, Connecticut.

```
                              _____/s/_____
                                    Alvin W. Thompson
                               United States District Judge
```